UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SECTION P

| | |
|---|---|
| EMMANUEL ASANTE, Petitioner | CIVIL ACTION NO. 1:18-CV-77-P |
| VERSUS | JUDGE DEE D. DRELL |
| JEFFERSON SESSIONS, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Emmanuel Asante ("Asante") (A#204034238). Asante is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana. Asante challenges his continued detention pending removal.

I.  Background

Asante is a native and citizen of Ghana. Asante was ordered removed on November 28, 2016. (Doc. 1-2, p. 9). His appeal was denied by the Board of Immigration Appeals on March 29, 2017. (Doc. 1-2, p. 12). As of October 2017, ICE was attempting to secure a travel document for Asante's removal. (Doc. 1-2, p. 2). Asante claims there is no significant likelihood of his removal in the reasonably foreseeable future, so his continued detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

## II. Instructions to Amend

Under Zadvydas, it is presumptively constitutional for an alien to be detained six months past the 90-day removal period following a final order of removal. Id. After the expiration of the six-month period, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Agyei–Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011). Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas.

In Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in Zadvydas creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id. at 543 (citing Zadvydas, 533 U.S. at 701). The alien bears the initial burden of proof to show that no such likelihood of removal exists. Id.

Asante has not alleged "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Thus, Asante should amend his petition to provide factual support for his claim.

IT IS ORDERED that Asante amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further

required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __20th__ day of February, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge